# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| ERIC MANIGO, individually and on behalf of all others similarly situated; <br><br> Plaintiff(s), <br> v. <br><br> METRO-TECH SYSTEMS, INC. and ECE INSTALLATIONS, LLC <br><br> Defendant. | Civil No. 3:18-cv-00479 <br><br> COLLECTIVE AND CLASS ACTION COMPLAINT |

Plaintiff, Eric Manigo ("Manigo" or "Plaintiff"), by and through counsel, individually and on behalf of all persons similarly situated, files this Collective and Class Action Complaint against Defendants Metro-Tech Systems, Inc. (Metro-Tech) and ECE Installations, LLC ("ECE") (collectively "Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et. seq.* ("FLSA") and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 *et. seq.* ("NCWHA").

Plaintiff alleges that although Defendants classified him and other similarly situated installation technicians as independent contractors, they were in fact Defendants' employees under the FLSA and the NCWHA. Due to Defendants' misclassification of Plaintiff and other similarly situated installation technicians, Defendants violated the FLSA by failing to pay its installation technicians an overtime premium when they worked more than 40 hours in a workweek and by failing to pay at least minimum wage for all hours worked in a workweek,

after considering wage deductions made by Defendants. Furthermore, Defendants violated the NWCPA by failing to pay all earned wages to their installation technicians and by making unauthorized deductions from the compensation of their installation technicians.

Plaintiff brings his claim for overtime compensation and minimum wage violations on behalf of himself and others similarly situated as an opt-in collective action pursuant to the FLSA. Furthermore, Plaintiff brings his claims for unpaid wages and unlawful wage deductions under the NCWHA on behalf of himself and all other similarly situated as an opt-out class action pursuant to Fed. R. Civ. P. 23.

## JURISDICTION AND VENUE

1. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 29 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367 because those claims derive from the same common nucleus of operative facts as the federal claims asserted herein.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391 in that Defendants maintain physical locations within this judicial district.

## PARTIES

4. Manigo is an adult individual who is a resident of Charlotte, North Carolina. Manigo worked for Defendants during the three-year period preceding the filing of this Complaint. Manigo's Consent to Become a Party Plaintiff form is attached hereto as Exhibit A.

5. Metro-Tech is a North Carolina corporation registered and in good standing in the State of North Carolina, located at 3005 Chamber Drive, Monroe NC 28110.

6. ECE is a North Carolina corporation registered and in good standing in the State of North Carolina, located at 6135 Park South Drive, Charlotte, NC 28210.

## JURISDICTION AND VENUE

7. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 et. seq.

8. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

9. Venue is proper in this judicial district because the unlawful acts alleged herein occurred in Mecklenburg, North Carolina.

10. The claims for violations of the NCWHA are based on the statutory law of the State of North Carolina. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367 for the pendent state claims because they arise out of the same nucleus of operative facts as the FLSA claim.

11. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

12. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendants have been a joint employer under the FLSA.

14. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

15. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

16. At all times hereinafter mentioned, Plaintiff has been an employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

17. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

18. At all times hereinafter mentioned, Defendants have been employers within the meaning of Section 95-25.2(5) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(5).

19. At all times hereinafter mentioned, Defendants have been joint employers under the NCWHA.

20. At all times hereinafter mentioned, Plaintiff was an employee within the meaning of Section 95-25.2(4) of the NCWHA, N.C. Gen. Stat. §§ 95-25.2(4).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

21. Defendants knew, or should have known, that Manigo and the other similarly situated individuals should have been classified as "employees" and paid overtime for all of their hours worked over forty (40) per week.

4

22. Manigo and the similarly situated individuals provided services essential to the fundamental business purpose of Defendants, i.e., cable television services including installation, maintenance, upgrade and repair. No prior experience was required for Manigo and the similarly situated individuals to perform work for the Defendants. Instead, Defendants provided Manigo and other similarly situated individuals with on-the-job training at the start and during their employment.

23. As installation technicians, Manigo and the similarly situated individuals had no control over the manner and method by which they were paid. Manigo and the similarly situated individuals were paid on a "piece-rate" basis, receiving a specified amount of money for each job they performed. Although they regularly worked in excess of forty hours per week, Manigo and the similarly situated individuals received no overtime pay from Defendants.

24. As installation technicians, Manigo and the similarly situated individuals worked solely for Defendants on a full-time and continuing basis. Manigo and the similarly situated individuals did not advertise their services to the general public, or work as installation technicians for anyone other than Defendants.

25. Although Manigo and the similarly situated individuals were classified by Defendants as "independent contractors," they were, in fact, Defendants' employees under the FLSA and other relevant laws and regulations. As a result of this knowing and willful misclassification, Manigo and the similarly situated individuals were denied overtime pay.

26. Manigo and the similarly situated individuals were subject to the direction and control of Defendants with regard to the manner and means of their job performance. For example:

a. Defendants required installation technicians to attend meetings to remain updated on Defendants' policies and procedures;

b. Defendants controlled the number and types of jobs that installation technicians performed each day;

c. Defendants controlled the time periods during which installation technicians could perform their jobs each day;

d. Defendants required installation technicians to report to their first appointment at a certain time each day;

e. Defendants did not permit installation technicians to reschedule their daily work appointments;

f. Defendants required installation technicians to follow procedures and specifications with regard to how installations were to be completed;

g. Defendants required installation technicians to drive specific types of vehicles;

h. Defendants required installation technicians to wear uniforms;

i. Defendants inspected installation technicians' work to ensure that installations were done correctly and according to Defendants' standards; and

j. If Defendants perceived that company policies and procedures were not followed and for various other reasons, Defendants subjected installation technicians to substantial deductions from their paychecks

27. Defendants' installation technicians routinely work 6 days per week and approximately 50 to 70 hours weekly.

## COLLECTIVE ACTION ALLEGATIONS

28. Plaintiff brings Count I of his Complaint pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 201 et. seq.

6

29. Defendants employ installation technicians in North Carolina and South Carolina.

30. Manigo is similarly situated to other current and former installation technicians in that they share similar titles, job duties, and compensation schemes, including the uniform policy and practice of failing to pay overtime wages.

31. Application of the aforementioned policy and practice was not dependent on the personal circumstances of individual installation technicians, but rather affected Plaintiff and all putative collective action class members. Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the failure to pay overtime at the rates required by the FLSA applied to Plaintiff and all putative collective action class members. Accordingly, the class is properly defined as: **All current and former North Carolina and South Carolina installation technicians employed by Defendants within three years prior to the filing of this Complaint.**

32. Defendants willfully violated the provisions of the FLSA by failing to pay installation technicians in compliance with the FLSA.

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings Count II of his Complaint pursuant to Fed. R. Civ. P. 23 on behalf of herself and the following class: **All current and former North Carolina installation technicians employed by Defendants within two years prior to the filing of this Complaint.**

34. This action under NCWHA, N.C. Gen. Stat. §§ 95-25.6 and 7, is maintainable as a class action pursuant to Rule 23 for failure to pay promised and earned wages for all hours worked by Plaintiff and members of the proposed class.

35. This action under NCWHA, N.C. Gen. Stat. § 95-25.8, is maintainable as a class action pursuant to Rule 23 for unlawful payroll deductions from the paychecks of Plaintiff and members of the proposed class.

36. The proposed class is easily ascertainable. The number and identity of NCWHA class members are determinable from Defendants' payroll records or records over which they have control.

37. The proposed class is so numerous that the joinder of all such persons is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the exact number of class members is unknown to Plaintiff at this time, upon information and belief, the class is comprised of in excess of 50 individuals.

38. There is a well-defined commonality of interest in the questions of law and fact involving and affecting the proposed class in that Plaintiff and all members of the proposed class have been harmed by Defendants' failure to pay earned wages and unlawful wage deductions. The common questions of law and fact include, but are not limited to the following:

(a) whether Defendants refused to timely pay Plaintiff and members of the proposed class promised and earned regular and overtime wages for all hours worked on their regular pay day in violation of NCWHA §§ 95-25.6 and 7; and

(b) whether Defendants made unlawful deductions from the compensation earned by Plaintiff and members of the proposed class in violation of NCWHA § 95-25.8.

39. The damages suffered by the named Plaintiff and the members of the proposed class arise from the same nucleus of operative facts.

40. The claims of Plaintiff are typical of those claims that could be alleged by any member of the proposed class and the relief sought is typical of the relief that would be sought

8

by each member of the class in separate actions. All class members were subject to the same compensation practices of Defendants; i.e. refusing to timely pay promised and earned wages on regular paydays and making unlawful deduction from earned wages. The compensation policies and practices of Defendants affected all class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each class member. Plaintiff and members of the proposed class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices and procedures.

41. Plaintiff is able to fairly and adequately protect the interests of all members of the class, and there are no known conflicts of interest between Plaintiff and members of the proposed class. Plaintiff has retained counsel who is experienced and competent in both wage and hour and multi-plaintiff litigation.

42. A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions engender. Because the loss, injuries, and damages suffered by each of the individual class members are modest, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual class members to redress the wrongs done to them.

43. Important public interests will be served by addressing the matter as a class action. The cost to the court system and the public for adjudication of individual litigation and claims would be substantial and substantially more than if the claims are treated as a class action. Prosecution of separate actions by individual members of the proposed class would create a risk

of inconsistent and/or varying adjudications with respect to the individual members of the class, establishing incompatible standards of conduct for the Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can and is empowered to fashion methods to efficiently manage this action as a class action.

## COUNT I

**(Violation of FLSA – Collective Action)**

44. Plaintiff incorporates by reference paragraphs 1-43 of his Complaint.

45. Count I arises from Defendants' violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff and members of the proposed collective class.

46. Defendant violated the FLSA by failing to pay Plaintiff and members of the proposed collective class an overtime premium rate of pay as required by the FLSA for all hours worked in excess of forty in a workweek.

47. Defendant's violation of the FLSA was willful.

## COUNT II

**(Violation of NCWHA – Class Action)**

48. Plaintiff incorporates by reference paragraphs 1 through 47 of his Complaint.

49. Count II arises from Defendants' policy and practice of suffering or permitting Plaintiff and similarly situated employees to work without timely paying promised and earned wages for all hours worked in violation of N.C. Gen. Stat. §§ 95-25.6 and 7 and from Defendants' policy and practice of making unlawful deductions from the wages earned by Plaintiff and similarly situated employees in violation of § 95-25.8.

50. Defendants violated N.C. Gen. Stat. §§ 95-25.6 and 7 by failing to pay Plaintiff and similarly situated employees all promised and earned wage payments on the employees' regular payday for all hours worked.

51. Defendants violated N.C. Gen. Stat. § 95-25.8 by making unlawful deductions from the wages earned by Plaintiff and similarly situated employees.

52. Defendants' violation of the NCWHA was willful.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the Court:

a) An Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid overtime wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

b) An Order certifying this action as a class action under the NCWHA and designating the above Plaintiff as a representative on behalf of all those similarly situated installation technicians, or any other similarly titled position;

c) An Order pursuant to the NCWHA finding Defendants liable for unpaid and untimely wages and liquidated damages equal in amount to the unpaid and untimely compensation due to Plaintiff and the class;

d) An Order pursuant to the NCWHA finding Defendants liable for the amount of unlawful deductions and liquidated damages equal in amount to the amount of unlawful deductions from the earned wages of Plaintiff and the class;

e) An Order awarding the costs of this action;

f) An Order awarding reasonable attorneys' fees;

g) A Declaration and finding by the Court that Defendants willfully violated provisions of the FLSA by failing to comply with the overtime requirements of the FLSA;

h) A Declaration and finding by the Court that Defendants willfully violated provisions of the NCWHAs by failing to comply with payday and wage deduction requirements of the NCWHA.

i) An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

j) An Order granting such other and further relief as may be necessary and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Philip J. Gibbons, Jr.
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone: 704-612-0038
Email: phil@philgibbonslaw.com
craig@gibbonsleis.com