# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:18-CV-479-RJC-DCK

| | |
|---|---|
| ERIC MANIGO, individually and on behalf of all others similarly situated, ) ) ) | |
| **Plaintiff,** ) ) | |
| v. ) ) | **ORDER** |
| METRO-TECH SYSTEMS, INC. and ECE INSTALLATIONS, LLC, ) ) ) ) | |
| **Defendants.** ) ) | |

**THIS MATTER IS BEFORE THE COURT** on "Defendant Metro-Tech Systems, Inc.'s Motion To Dismiss" (Document No. 8) filed October 24, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and is now ripe for disposition. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will direct that the motion be denied as moot.

## DISCUSSION

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Plaintiff's "Amended Collective And Class Action Complaint" (Document No. 11) was filed on November 7, 2018. See (Document No. 10). Plaintiff's Amended Complaint supersedes the original Complaint; therefore, the undersigned will direct that "Defendant Metro-Tech

Systems, Inc.'s Motion To Dismiss" (Document No. 8) be denied as moot. This recommendation is without prejudice to Defendant filing a renewed motion to dismiss the Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case.")); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Defendant Metro-Tech Systems, Inc.'s Motion To Dismiss" (Document No. 8) is **DENIED AS MOOT**.

**SO ORDERED**.

Signed: November 14, 2018

David C. Keesler
United States Magistrate Judge